FILED

2016 JUN -7 PM 2:47

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: [illegible]

Susan Rothman
932 E 2nd Street, Unit 10
Long Beach, CA 90802
Telephone (562)221-8697

In Pro Per Defendant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SUSAN AMY ROTHMAN AKA SUSAN ROTHMAN,<br><br>Defendant | ) Case No.: CV 15-7311-MWF (PJWx)<br><br>) RESPONSE TO PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT;SECOND AND FURTHER STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>) Hearing Date June 13, 2016<br>) Time 10:00AM<br>Court 1600<br><br>Hon: Michael W. Fitzgerald |

TO PLAINTIFF

1) TITLE: PLAINTIFF ALTERED TITLE OF DEFENDANT'S RESPONSE
   From: PER LOCAL RULE 56-2, ANSWER TO MOTION FOR SUMMARY JUDGMENT; STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT; MEMORANDUM OF POINTS AND AUTHORITIES
   To: OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
   As seen on TITLE and Page 3, line 19, "One need only look at".

2) SECOND AND FURTHER STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT
3) DEFINITION: LOAN PROGRAM
4) NEW YORK LAWS APPLY; PERSONAL STATEMENT
5) PLAINTIFF MISSING DOCUMENTS, CANNOT SHOW COMPLETE CHAIN OF EVENTS, CAN NOT SHOW PERTINENT DOCUMENTS
6) PLAINTIFF DISREGARDS MATERIAL FACTS

7) NO FEDERAL LOAN WAS DEFAULTED; PERSONAL STATEMENT AND SUMMARY OF HISTORY OF NEW YORK COLLEGE FINANCE, CLARIFICATION BEGINS RE: FALSE CERTIFICATION
8) RESPONSES TO PLAINTIFF'S POINTS AND AUTHORITIES
9) CLARIFICATION OF FALSE CERTIFICATION, AN AFFIRMATIVE DEFENSE TO THE NEW YORK STATE LOAN FOR ITS FORGIVENESS
10) TIME PASSAGE FORMS CONFLICTS, AND NO EX POST FACTO
11) PROBLEMS OF THE EDUCATION SOUGHT AND EDUCATION RECEIVED, ENTICEMENT, LACK OF QUALIFYING, INABILITY TO BENEFIT, SPECIALIZED ONE OF A KIND PROGRAM WAS NOT VIABLE AND DID DAMAGE.
12) POINTS AND AUTHORITIES TO FOLLOW, FURTHER RESPONSE TO FOLLOW, TIME IS OF THE ESSENCE TO MAKE THIS RESPONSE KNOWN.

New York lawfully still owns this loan due to the ineligible payment made in error supposed for a reinsurance but was precluded and prohibited by statute designed for due diligence of the United States as stated in Answer To Motion For Summary Judgement.

Rudisill v. Ford Motor Co., 709 F. d595, 600 (6th Cir. 2013), An award of summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 560a); and line 5 on page 1 Plaintiff cites Fed R Civil P 56(c) to the same effect.

The Plaintiff fails both tests. The Plaintiff has not established that there is no genuine issue of material fact of dispute. Contrary to the Plaintiff, At the base there is no standing for their claim, statutorily prohibited and unlawful was any funds transfer by reason of reinsurance. The error has gone without correction up to and including this litigation. This error must be corrected from its destructive path of perpetuation.

The Plaintiff claims that there is no genuine material dispute and the Plaintiff is wrong. In this matter there are genuine material disputes against the lawful holder and owner of this debt; and the supreme genuine material fact is that the United States of America is not the holder, lawfully, and not the owner under any claim of reinsurance; that by Federal law 34 CFR 682.414(3) "shall not be applied to loans already in default" any reinsurance was specifically prohibited long before any specific incident of New York loans came about. Therefore it shall be correct for the United States of America to weigh their options in lawful resolutions, such as retracting the payment and reverting same to New York for proper application

by its Statutes or relinquish pursuit of the matter entirely. In all lawful consideration of reinsurance the United States of America has no claim against me. I am not liable for their error. The timeline is clear. Default in 1985 predates the Reinsurance Agreement. Therefore my account with the New York State Higher Education Department was never eligible for a Federal Reinsurance. The Plaintiff has not refuted their own statement about the year of the default and they have not refuted their own claimed year of alleged reinsurance, 1999. Plaintiff's own statements invalidate their claim for pursuit of my own personal liability to them in that regard. They are in error of the law in believing there was reinsurance, the declared cornerstone of their action.

### 3) Definition: Loan Program

USC Section 1071(2)The purpose of this part is to enable the Secretsry "to provide a Federal program of student loan insurance for students or lenders who do not have reasonable access to a State or private nonprofit program"

New York State Education Law Section 680, 1979, The New York State Higher Education Services Corporation, Powers and duties.

Section 680(1)(b) To guarantee the loan of money upon which such terms as the board may prescribe by banks, savings banks, savings and loan associations, pension funds, credit unions, colleges, vocational institutions, and insurance companies (1) to persons who are attending or plan to attend colleges or vocational institutions in this state

Section 658 The corporation in its administration of student loan programs shall be subject to the supervision and examination of the superintendent of banks, but shall not be deemed to be a banking organization"

The Federal loan programs are ubiquitous and commonly synonymous with generic student loans but federal loan programs have names and terms ascribed to them. In this regard it shall be shown that this loan is not among those in any federal loan program.

Federal Loan: Stafford, This is not a Stafford Loan.

Federal Loan: FFEL Federal Family Education Loan, This is not a FFEL Loan

Federal Loan: "Guaranteed Student Loan" (1965-) This is not a "Guaranteed Student Loan" (GSL)

Federal Loan: National Defense Student Loan, This is not a National Defense Student Loan.

Federal Loan: Parent Loan (PLUS), This is not a Parent Loan.

Federal Loan: Direct Loan, This is not a Direct Loan

Federal Loan: Perkins, This is not a Perkins Loan.

Federal Loan: Consolidated Loan, This is not a Consolidated Loan.

**State Loan: New York State Guaranteed Student Loan, This is a New York Stare Guaranteed Student Loan.**

## 4) New York Laws Apply; Personal Statement

I do not dispute having a debt about school in New York but it is not a debt to the Plaintiff. The United States of America has no standing. Laws of the State of New York are applicable to this loan including the New York State Statute of Limitations. New York Judicial Authority is specifically authorized by the loan agreement in Exhibit 2. The debt is owed to New York, to the extent of statutes of the state. The Federal government is not an agent for the state. They have no proper format to collect on a matter that is statutorily limited to being between me and the State of New York. This common sense relationship between the parties stems from the fact that New York wholly independently and self-sufficiently operated their own State

guarantee and made the resource available to me. Any matters of dispute about the actual loans and their status are based on policies inherent of them, as a State and s State Agency. They later evolved away from their original longstanding model and adopted the programs of the United States Department of Education. This Federal arm itself did not exist until 1979 only two months before the first loan. It was a loan in which I saw a future based on what an education might bring, but issues arose about the educational programs and my qualifications for college. It was open for question whether my high school graduation was valid, and no collegiate scholarly qualifying measurement test was ever taken or required. When later I moved to California, I discovered three things immediately. 1) My coursework was not useful to prospective employers because the technology I learned was significantly behind what was in use, 2) I never was taught even the existence of the prevalent technologies and 3) No other school offered a similar program. As these issues are of importance to the State of Nee York, they would be of importance to the United States if the United States lawfully held a debt owing to them by me. However they do not have standing to collect, relieve, or to redress any wrongful taking of my time investment. The United States can not make redress any more than they can make collection because it is not their matter. This is not their loan. My periods of disability and diminished capacity are also matters of importance to the State of New York and would be to the United States if they had standing or valid legal interest in the loan. Should they decide to have made purchase of the loan, it was not under a program collectible against me. No part of my contract contains a clause interpretable to a transfer to the United States.

"Mitchell v. Fankhauser, 375 F.3d 477,479 (6th Cir. 2004). In determining whether a district court's grant of summary judgment is proper, 'we must view all evidence in the light most favorable to the nonmoving party'"

### 5) Plaintiff, Missing Documents, Cannot Show Complete Chain, Can Not Show Major Other Events of the Account

The plaintiff has produced only an interim set of documents, not an actual agreement to pay. There is no showing of when, how much, how long, and all the necessary components that create a promissory note. As to establishment of a debt allegedly belonging to the United States of America, the Plaintiff provides a scintilla of evidence that itself is a read-so, something like a say-so, and something like hearsay because a signed document in or out of government is in absence of true complete documents. ; the Loan Analyst did not have personal experience in the actual transaction that took place eleven years prior to his signing (1999 transaction to 2010 certification) or knowledge of the law governing its nature, the knowledge of which would have made this action non-existent. The current Analyst Mr. Guillon, now an additional six years later than that has had no first hand knowledge of either the transaction or the statute which makes itself a violation of United States Law. In seventeen years no actual experience can be drawn from by either of the Analysts. In true accounting of the matter under the statutory ban against the reinsurance of this defaulted loan, an invoice to New York should have reversed the transfer of funds made in error, or an abandonment of collection. Expected due diligence was omitted and this loan, a very old and very rare State Guaranteed 100% Student Loan, was inappropriately handled by the Plaintiff.

## 6) Plaintiff Disregards Material Facts

"Kleiber v. Honda of Am. MR. Inc., 485 F.3d 862, 868 (6th Cir. 2007) ng Matsushita Elec Indus. Co Zenith Radio Corp., 475 U.S. 574, 587 (1986 The mere existence of a scintilla of evidence to support the plaintiffs position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff"

On line 10 of page 1 the Plaintiff cites a civil rights action centered around discrimination and petty theft of an inmate imprisoned and suing for personal property. In Copeland vs Machulis, 57 F.3d 476, 478 (6th Cir. 1995), where the ruling was concerned, Plaintiff quotes "A fact is "material" and precludes a grant of summary judgment if 'proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties.'"

In the citation it was the Plaintiff that was not granted summary judgment and the basic reasoning is the same here. It's building elements are the very simple singular fundamentals connected with ownership, of the loan in issue. The Plaintiff writes on line 17-18, "Here, Defendant has not demonstrated any such proof." The Plaintiff appears to interpret the bones of the citation to mean that "When" proof is made, which has a different meaning than "If" proof was made. Whereas, proof is the temporal manifestation of the truth, and "If" is speculative as to its incidence. It is "If proof" were to be produced, an effect would ensue. Regardless, a Statute citation is proof of a citation, until the book is seen. If one speculates that a Statute exists which eliminates the lawful ownership of the loan from the United States, then this satisfies the requirement of a material fact that affects the main piece of

existence of the action in its core to the point of moot. This action is moot in its light.

**7) Personal Statement; No Federal Loan Was Defaulted; Summary History of New York Education Finance; Clarification Begins Re: False Certification**

In line 23 of page 1 Plaintiff writes "Without denying any of the loans in dispute, defendant has not presented any issue of material facts." And however the Plaintiff is legally barred from claiming a stake. The Plaintiff is illegally holding loans and eliminating opportunity to pay to the rightful owner if the Statutes of New York had called for that. I may owe my phone bill but I should not pay it to the electric company. Similarly I would not expect my neighbor to knock on my door to tell me that they paid my phone bill without my consent or knowledge and that now I owe them according to their terms or else. I owe no student loan debt to the United States and I never have. I have never defaulted on a Federal government obligation. I never applied for any federal loan. I never signed a federal loan document. I absolutely do deny owing a student loan debt to the United States. And supporting me is the Federal Statute which says that because of the year in which my loan default took place, it shall not be taken up in any reinsurance to the state after the state makes the Basic Agreement with them. State participation is voluntary and by agreement with met conditions. Defaults prior to the met conditions do not get resurged by reinsurance. Defaulted loans prior to then, stay with the state. It is the age of my loans combined with the timing of all from the default to the met conditions, that makes it so. If proof is seen of this then it fundamentally changes this action to being moot. Proof is available in the Statutes themselves as it is statutory in its very own nature. The documents in Exhibit 2 support the exclusive nature of New York's program and vaguely so. In New York free and low cost

universities were abundant in city and state systems, City University of New York and State University of New York. I began college in the City University of New York Baruch College in 1974 and dropped out in 1975. It was free. However to accommodate opportunities in private universities the State issued higher education municipal bonds to finance guarantees of student loans. In New York, at that time, college was more attainable, it seemed, than a newspaper subscription. Student loans made enhanced opportunities in private schools possible, but not education altogether, as the education was fully available to all New Yorkers. Therefore Pace University made certain claims of their quality and what they could do for me that a city school could not and I was enticed to attend. Education was not made possible as such by the loans, but revenue to the private university was.

That is why it was fully operated by New York State. My experience as a student was forced into a displacement when I moved to California due to a personal emergency connected with my safety. I had desired to continue my courses but was not able to find a school that offered the program I was taking. I otherwise felt uncomfortable in classrooms. When the loan became due I was supporting myself and in a recognized hardship.

The Plaintiff on page 3 and line 26 brings up burdens of proof and its effect upon what can or may be presented or accepted as proof of a material fact. FRCP 2010 Notes of Advisory Committee is quoted in regards a Subdivision (c(1)(B). The referenced paragraph was found in Rule 56.

Plaintiff writes a paragraph lines 2-5 on page 4 that seems to me to reverse the burden of proof. When looking at the pleadings the Plaintiff is demanding proof here and proof there and giving nothing but ancient digital data as authority without complete records, then saying in this paragraph and the next that they do not have to. They have to. The Plaintiff has the burden of

proof as the alleged claimed owner of all things on the loans, and admitting to be absent all records that existed between 1981 and 2010.

Personal knowledge of Government:

I was previously employed by the United States of America in the Internal Revenue Service. I have personal knowledge that taxpayers can request transcripts of their tax accounts. These transcripts show amounts owed if any. The amounts are information only. I know that taxpayers can request copies of their tax returns and tax filings which enable them to see the actual documents. Transcripts are assumptions of records to be produced if requested. Records can be produced upon request. The amounts are correctible if needed. If the IRS lost tax returns then it would be difficult to prove any amounts on a transcript. In such rare cases in the private sector, I have personal knowledge that the IRS forgives what they cannot verify. These transcripts are government documents. They are assumed to be valid in the absence of a demand to validate them, and if they cannot be validated, they are canceled. I see no difference between one transcript from one government agency and another. Even in government, a paper trail for verification must be maintained and available on request. The Plaintiff, despite having the burden of proof, despite claiming to own the loan outright, despite having the earliest and most preliminary of documents without having complete documents, and unable to produce documents that the signed certification is claiming to have, even though I asked for all documents in writing subsequent to being served for this action, and while being told and reading that I have to produce something that the plaintiff claims to own, it is the plaintiff that is failing on every primae facia opportunity to fulfill. The plaintiff has not met their burden of proof. Any documents that may be produced at gearing by the plaintiff is violating the terms of discovery based on my

document itself can not be used to validate the information being relied upon and certified to. That this present status has an act of faith that the documents all say what the data says and that no copy reproduction is possible. Neither 901(7) or 901(8) or 902(3)were written with an interpretation possible that an individual should receive a life altering judgment because documents themselves can not be produced. It is also shown that some two documents survived the thirty five (35) years, and begs the question, why didn't all of them? The Certificate of Indebtedness is a hollow taking of faith by someone capable of knowing it doesn't even belong, and elevating it to authority. This item, the Certificate of Indebtedness, should not be admissible as evidence.

FRE 902(11) states as follows:

"Certified Domestic Records of a Regularly Conducted Activity. The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record — and must make the record and certification available for inspection — so that the party has a fair opportunity to challenge them."

The first necessary component is that a copy or original of the document must accompany the certification, and the second necessary component is that I be given the opportunity to challenge the document. The Certificate is not intended nor codified to be a stand alone document. The inability to produce actual documents deprives me of my request for all documents as made in October in a faxed acknowledged and responded letter, and the ability to

request in October 2015, and so it is anticipated that no new documents will be produced. The Certificate of Indebtedness is only a transcript with nothing backing it. The plaintiff can not assume what they can not even see.

**8) Response to Plaintiff's Points and Authorities**

Line 7 of Page 4, "Defendant's reply simply states irrelevant statutes". The statutes I referenced were the same statutes brought up by the Plaintiff who relied on their relevance when the facts did not yet contradict their applications. With exceptions, such as a different subsection of the section chosen by the Plaintiff, and an additional section where reinsurance was shown to be unlawful under Federal statute in cases of prior defaulted loans from the time of Basic Agreements being entered between US Department of Education and New York State. "While possibly bringing up only three (3) points". Reinsurance did not happen and therefore the cornerstone of the entire action from the inception did not occur and so the action is moot, is one (1). Superfluous would be numbers two (2) and (3) but if it were to be relevant then it is useful to be aware as I pointed out that nothing United States anything applied to this loan. No United States statute applies to this New York State loan until the statute prohibits it's being reinsured by the United States because of its prior default. Therefore the statutes being relied upon by the Plaintiff, are not correct and are irrelevant.

Line 15 refers to Federal Rules of Evidence 901 and 902. This is meant to validate the Certificate Of Indebtedness as Admissible Evidence.
FRE 901(7) and 901(8) are the closest I see to apply and neither apply.
901(7) and 901(8) do not apply because the document(s) is not enshrined in a guarded archive or museum where from it cannot see the light of day, is not incapable of reproduction and physical certification of authenticity, and the

challenge them. The Certificate of Indebtedness on these accounts does not qualify as admissible evidence.

Line 16 page 4 "Defendant merely claims it is wrong without a shred of substantive proof." Plaintiff has not shown proof that it is right.

There seems a swell of treatment to this Certificate of Indebtedness in the Plaintiff's reply.

Paragraph 18-27 presents several citations on page 4.

First claiming that it is a public records exception to the hearsay rule of FRE 803(8) which states:

"(8) Public Records. A record or statement of a public office if:

(A) it sets out:

(i) the office's activities;

(ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or

(iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and

(B) neither the opponent does not show that the source of information nor or other circumstances indicate a lack of trustworthiness."

The problem that I have concerning the above is that the issue is at the crux meant to provide a true insight into these activities. It is meant to provide a platform from which I could view one or the other of accurate records or challenge inaccurate information in detail. In this instance I could see what

the dates and numbers are that are so old, that first of all I know there are more dates and numbers that should be reported. The manner in which the school was paid was disproportionate to the actual manner of the loans because every semester produced a combined amount in a cumulative, which was why the document being produced is an interim document. There is no actual promissory note; if I were to opt to stay in school all my life I would never theoretically had paid any of it, and it would still be an interim note. It says that someday when it comes to pass a payment schedule shall be made. But that is not even the most disconcerting. They have these check dates, when the school was paid, but the school was not paid by the financial institution. There is a dual construction in the interim documents. Obe, that I would be liable, and two, that I would be liable whether or not they actually paid the school. The school accepted a voucher of approval stamped by the bank with my courses printed on a card, and I never saw the actual funds. Where are those documents? The interim notes have an endorsement for the bank to pay the funds to the New York State Higher Education Services Corporation, "Without Recourse and Without Warranty". While there are disbursements claimed on the Certificate the check payable data is not present. The history of default must surely have more than a date. Where are the hardship deferment documents from the bank? Where are the names, addresses, phone numbers, and logs of every numerous and miscellaneous collection agency assigned for this loan' collection efforts between the first relegation to the rest? From 1981 to 2010 a span of three decades, and all of this is reduced to dates and numbers only in several lines. The Plaintiff writes it plainly as if making a point for his case, that from all appearances, "no voluntary payments were ever made". The confidence with which that statement is made in combination with its incorrectness, is a reason why reliance on such a document is an imbalance of justice. Therefore

it is chiefly the issue that there is a doubt about the Certificate's reliability and it should be excluded from evidence. The Certificate in its form and unaccompanied by hard copies of documents known to have existed and stored, is gravely in question. The Certificate is untrustworthy due to missing elements, documents, true origin of legal status and ineligible for reinsurance, leading to no liability to me. In addition, it is a Certifucate of Indebtedness to the United States which statutorily wrong. I am not in debt to the United States for student loans. The Loan Analyst does not handle these loans as part of his daily routine because my loan is thirty years old and a completely different type of loan than what the contemporary are. And the documents to prove that are not accompanying the Certificate other than the NYSHESC preliminary manager. "Places a burden on the defendant to show there is any discrepancy." There is no opportunity to do so, but in its entirety as incorrectly ascribed as a federal loan by a federal analyst who does not know the law.

United States vs Irby 517 F.2d 1042 (CA5, 1975) is next cited by the Plaintiff. This is a case at the Appellate level which remanded back to District Court based on the need to rework pleadings to arrive at a greater precise ruling of judgment where amounts of credits were at issue as applied against an SBA Loan. Chiefly here there is the burden of proof question where this Court of Appeals had ruled that an original protest by the defendants in their answer gave rise to the burden of proof. The lower court had given the United States the burden of proof, because the amount owed was in question. The solution was for each party to amend their pleadings to fit the needs of the case. This Appeal happened in 1975, and consisted of a business loan that, before default, had reduced principle including interest, of more than half of the original loan amount. If the loan were taken in 1970, an entirely

different world of capabilities and expectations existed where it concerned accounting. In this case which has no relevance to the matter of issue, it is a pair of grown business people entering a large enterprise business loan in the steel industry. After defaulting and going to court they made certain denials, one of which being about the accuracy of credits applied to their account. The district court and appellate court disagreed about whether the US should reconstruct the amounts of every credit. Appeals said it is much too wieldy to burden the Plaintiff with. The departure is that I am looking for documents known to exist as well as a transcript of the account. The Irby couple obtained a transcript and questioned the minutiae of the numerous numerical entries. Back then, adding machines were used, hand writing in ledgers were applied, and most businesses were not using computers of any kind. Every entry was made by hand or by typewriter. To go back and use the fine tooth comb would have been difficult. The fact that a transcript was never furnished to me is salient as I am on a platform much different than that. It is my impression that the same case if brought today for the same loan taken recently, a computer printout would be producible at the touch of a dozen keystrokes on a computer keyboard. In this case the issue was how difficult was the request, not the request itself. Remanding back rather than ruling on is for the parties to amend pleadings.

The inapplicability to this case is because the case itself does not exist in the federal jurisdiction due to its ownership claim being invalid by statute. It's belief that it owns the student loan is false. See my Opposition to Morion For Summary Judgment.

The Plaintiff does not require relief from a laborious task of computing a loan throughout actual payments and amortizations, but does have the burden of proof in a reasonable amount that provides a fair and visible footing to

work out and determine what is correct. The minutiae demanded by Irby is unreasonable for its time and a simple reasonable matter of retrieval in this one. Therefore reliance on a statute that reflects upon technology of its time is invalid. It reflects the state of the world when Pace University began promising me great success to come by working in the field of Management Information Systems.

### 9) Clarification of False Certification, An Affirmative Defense to the New York State Student Loan

False Certification Defense Explained, An Affirmative Defense.

This New York State Guaranteed Student Loan was taken from a New York Bank and New York State Higher Education Services Corporation by a resident of New York State for education within New York State by a University located in New York.

### 10) Time Passage Forms Conflicts Between Current And Former Law

Exhibit 2 Is a Product and operation of Former Law, 1979-1981 where conflicts arise. Ex Post Facto is prohibited by the United States Constitution Article 1, Section 9 "No bill of attainder or ex post facto Law shall be passed" Article 1, Section 10 "No state shall…pass any bill of attainder, ex post facto law, or law impairing the obligation of contracts"

### 11) Personal Statement; Enticement, Lack of Qualifying, Inability To Benefit

### 12) Specialized Program Fell Short of Viability, Usefulness, and Did Damage

In 1979 it was not all the rage but it was all of In 1979, the Unix Operating System was being used on corporate computer systems nationwide, made by AT&T. It was the system to learn for literacy in computing and office systems using computers. If one purported to know about computing systems, one was expected

to know this with functional proficiency. It used magnetic cartridges as memory, and cathode ray monitors that looked like TV sets with keyboards took in the data, whether it was by a programming language (called "software") or by alphanumeric. These systems were hungry for power, air conditioning, and attention. Just mechanically operating one made someone a comfortable middle class single person's salary. There were a few vocational schools for that, like ITT Tech. Banks had different computers, made by IBM. I was studying how to know how to put systems logistically together. I had one assignment at the student loan lender's company and was promised a job in the IT department which fell through because of their reasons in 1981. The outsourced senior programmer told me numerous times that what I was learning in school had nothing to do with real world work in the budding field. Then I relocated to California and looked for jobs doing the same thing that I did at the bank. Nobody even interviewed me. When I walked into one company I was told that I did not have the skills or familiarity with their computer systems that I needed. After two years of school, I was unemployable because of it. I was an over-qualified dropout for most office jobs. I was under qualified for everything else. I began my school career when I was similarly but less-so unskilled. I got a job as a secretary, and learned how to type fast. It was taxation that gave me my entrée into work then, because the IRS paid me to learn it.

**13) Points And Authorities to Follow, Further Reserved to Follow.**
**There are time constraints to this response.**
**Time is of the essence to make this response known.**

**Under Penalty of Perjury I swear the above is True and Correct.**

**Signed in Long Beach, CA**
**June 7, 2016**

Susan Nathman

**PROOF OF SERVICE**

I, Susan Rothman (name), declare as follows. I am over the age of 18 years. My address is:

932 E. 2nd St, Unit 10, Long Beach, CA 90802

On June 7, 2016 (date), I served the foregoing document described as:

Case No. CV 15-7311-MWF (PJWx) Response To Plaintiff's Opposition To Motion for Summary Judgment; Second And Further Statement of Genuine Disputes of Material Fact; Memorandum of Points

on all interested parties in this action by placing a true and correct copy thereof in a sealed envelope, with first-class postage prepaid thereon, and deposited said envelope in the United States mail Long Beach, CA (place of mailing), addressed to:

Goldsmith & Hull
Michael Goldsmith (name)
16933 Parthenia St. #110 (name)
Northridge, CA 91343 (address)
(address)
(address)
(address)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 7, 2016 (date) at Long Beach, CA 90802 (place of signing)

[signature] (signature)
Susan Rothman (name)